UNITED STEELWORKERS OF AMERICA, AFL–CIO, Plaintiff,

v.

LATROBE STEEL COMPANY, Defendant.

Civ. A. No. 77–986.

United States District Court, W. D. Pennsylvania.

Feb. 28, 1979.

Frank J. Lucchino, Pittsburgh, Pa., for plaintiff.

Henry J. Wallace, Jr., Pittsburgh, Pa., for defendant.

---

# 744

## OPINION

ROSENBERG, District Judge.

The plaintiff, United Steelworkers of America, AFL–CIO, filed a Motion for Adjudication of Civil Contempt and Order Staying Arbitration Proceedings in the above entitled case on February 23, 1979. By this motion the plaintiffs seek to prevent the defendant, Latrobe Steel Company, from setting aside, as they claim, an order of this court dated June 1st, 1978, D.C., 452 F.Supp. 63. The plaintiff alleges in the motion "An arbitration hearing has been scheduled for February 28, 1979 in which the defendant seeks to have an arbitrator take action which would have the effect of nullifying this Court's order of June 1, 1978."

The order of June 1, 1978 merely granted the plaintiff's motion for summary judgment and its effect was to compel the defendant to comply with the arbitration award issued earlier and which the defendant refused to do. The defendant indicates that it did comply with the award as long as the contract under which it was required so to do was in effect, but that a new contract was entered into between the parties on May 1, 1978 and that the new agreement eliminated the obligation on the part of the defendant with further compliance with the original arbitration award. The defendant's claim here is that this is a new contract. The arbitration brought about by the plaintiff was in accord with the new contract of May 1, 1978 and that that arbitration process should not now be interrupted by the court.

The plaintiff seeks a judgment of contempt against the defendant for its failure to comply with the order of June 1st, 1978 and that the "arbitration proceedings dealing with this particular subject be stayed pending a determination of the plaintiff's motion for adjudication of civil contempt".

A hearing was granted immediately on February 26, 1979 at 10 o'clock a. m. in which an effort was made to determine whether the circumstances were such as required any equitable intervention by this court for the purpose of preserving its judgment of June 1st, 1978. At the hearing evidence was presented by the defendant that as of the 1st day of May, 1978 a new agreement had been entered into and that the original arbitrator's award and the order of this court of June 1st, 1978 were no longer effective. Furthermore, the defendant argued that a new arbitration proceeding was initiated by the plaintiff and that that was the appropriate proceeding which should be followed in this case.

Under the circumstances, the question before me is simply whether or not this court continues to have jurisdiction of this case as filed under the above title at Civil Action 77–986, or whether jurisdiction is lacking now because of new contractual relationships between the parties under this new agreement dated the 1st day of May, 1978 by authority of which the present arbitration proceeding was commenced by the plaintiff.

Counsel for the plaintiff admits that the present new arbitration proceeding which is scheduled to be heard February 28, 1979 was brought about by authorization contained in the new contract dated May 1, 1978; that the plaintiff commenced the arbitration proceeding under the grievance provisions of the new agreement several months ago; that at that time certain circumstances made it more feasible to continue with the arbitration processes than to petition the court or move the court for an adjudication of civil contempt of this court's order of June 1, 1978; that the present motion is brought in an effort to prevent this arbitrator, who will conduct the hearing on February 28, 1979, from invalidating the order of this court dated June 1st, 1978; and that the plaintiff's rights are solidly based in their action for arbitration and in the motion for adjudication of civil contempt and an order staying arbitration proceedings.

In the morning hearing this court was mistaken in its conclusions drawn from paragraph 10 of the plaintiff's motion. It ordered from the bench that the arbitration be delayed pending inquiry into whether or

not this court had jurisdiction to proceed in this present matter. After an examination of the pleadings and of an examination of the admissions of fact made by counsel at this hearing, this court called for an additional hearing at 2:00 o'clock of the same day. At that time no further factual matters were presented, except as I have already indicated on the admissions of fact by the plaintiff's counsel.

Under the circumstances we have here an arbitration proceeding now in existence brought about by the plaintiff by virtue of the authority contained in the new agreement dated May 1, 1978 to procure a determination of an arbitrator on a matter which the plaintiff asserted under the old agreement and upon which basis an arbitrator made an award in favor of the plaintiff.

■ It is not a prerogative of the court ever to interfere with the powers vested in a labor contract by which an arbitrator is given authority to make determinations. *United Mines Workers, A.D. No. 2 v. Rochester & Pitts Coal Co.,* 416 F.Supp. 74, 76–78 (W.D.Pa.1976), citing *United Steelworkers v. American Manufacturing Co.,* 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403, 1960.

But that is not the case here. The question before me is whether an arbitration has been called for by a party under a different agreement and whether a court may intervene in depriving such an arbitrator under and by virtue of the authority contained in that new agreement from pursuing the process set forth under a grievance committee of that contract. I do not here cite the procedure outlined in the contract for grievances, since neither party disputes the terms of the arbitration under the contract of May 1, 1978.

■ In the presentation of the matters by the plaintiff and the defendant as of this date, it is unquestioned that a dispute exists on whether or not the determination of the arbitrator under the provisions of the agreement can be supported by any of the provisions contained in the agreement of May 1, 1978. With the commencement of the arbitration process, the hearing for which has been set for February 28, 1979, the question for the arbitrator is whether or not the present dispute is an original question for re-arbitration of that which was made and called for enforcement by the order of this court dated June 1, 1978.

Under these circumstances we must rely upon guidance in the case of *Local 103 of the International Union of Electrical, Radio and Machine Workers, AFL–CIO v. RCA Corporation,* 516 F.2d 1336, C.A. 3, 1975, in which Judge Aldisert discussed and set forth specific guidelines:

"Rather than complete the arbitration proceedings it had demanded, the union sought to enjoin RCA's further arbitration efforts. The district court held that the question or issue presented and resolved in 1946 was not identical to the question or issue presented in 1971. Therefore, it left to arbitrator Christensen the interpretation and effect of arbitrator Keller's decision. Although we affirm the judgment of the district court, we do so for a different reason: It is the function of the arbitrator, not the court, to decide whether the 'same question or issue' had been the subject of arbitration within the meaning of the collective bargaining agreement.

The union would have a federal court interpret this collective bargaining agreement and rule, as a matter of federal law, that the question or issue presented in the current grievance was the subject of arbitration in 1946. We decline to allocate this interpretive role to the district courts."

In accordance with this opinion, an order of court has already been entered on February 26, 1979, denying the order to stay arbitration, but granting further consideration of the plaintiff's motion for adjudication of civil contempt pending the arbitrator's determination.